## AUGUST MARKS v. THE STATE.

1. PRACTICE IN THIS COURT IN MISDEMEANORS.— To the rule that errors in misdemeanor cases will not be revised when exception was not reserved in the trial court, an exception obtains if radical error to the appellant's prejudice is apparent of record.
2. JURY — MINUTES OF COURT.— The record must show that the jury was a legal one, though a general recital to that effect suffices, without naming any juror.
3. JURIES IN THE COUNTY COURTS consist of but six men, and they must unanimously concur in the verdict.
4. CASE STATED.— The entry in a misdemeanor case recited a verdict found by "a jury of good and lawful men, to wit, P. H. Ebner," and that name was signed to the verdict as foreman. *Held,* that no presumption can be indulged in aid of the entry or verdict, which import a jury composed of but one man.
5. QUÆRE, whether the provision of the Revised Code of Procedure that the verdict in a felony case must be signed by the foreman is only directory? But that is the better practice in felony cases.

APPEAL from the County Court of Guadalupe. Tried below before the Hon. W. P. H. DOUGLASS, County Judge.

*Ireland & Burges,* for the appellant.

*Horace Chilton,* Assistant Attorney General, for the State.

WHITE, P. J.   Had the appellant been convicted of an aggravated assault, the charge of the court upon that grade of offense, considered in relation to the offense charged in the information, would have been so radically erroneous as to have required of this court a reversal of the judgment, though no exception was saved and proper counter-instructions requested.   For, as contended, the rule in misdemeanor cases to the effect that this court will not revise errors not duly reserved by exception in the court below is relaxed when it is apparent that radical error by misdirection of the jury has occurred to the prejudice of the accused.   *Haynes* v. *State,* 2 Texas Ct. App. 84.   But the accused was not found guilty of an aggravated assault, and it cannot well be perceived how an erroneous charge with regard to that grade of offense could enure to his injury under the circumstances so far as developed by the record.   There is no statement of facts or bill of exceptions in the transcript.

There is, however, a fundamental error apparent of record which, though not claimed as error, will require a reversal of the judgment.   Defendant appears to have been tried by a jury composed of one juror.   The recital in the judgment is, "the defendant August Marks being arraigned plead not guilty, whereupon came a jury of good and lawful men, to wit, P. H. Ebner, who were duly elected, impaneled and sworn according to law, and after hearing the evidence, argument of counsel, and charge of the court, returned into court the following verdict, to wit: 'We the jury find the defendant guilty of a simple assault, and assess the fine at $15.   P. H. Ebner, Foreman.' "

In the statute it is provided that "in the District Court the jury shall consist of twelve men; in the County Court and inferior courts the jury shall consist of six men." Code Crim. Proc. art. 395.   In the County Court in all criminal actions the jury consists of six men, and the

verdict must be concurred in by each of them.   Code Crim. Proc. art. 708.   We might naturally indulge the presumption that five other jurors were in fact impaneled and sworn, and sat and tried the case with P. H. Ebner, but we are not authorized to presume anything which the record is required to show, and it is required to show that, when one accused of crime is tried by a jury, the jury was a legal one.   *Rich* v. *State*, 1 Texas Ct. App. 206; *Huebner* v. *State*, 3 Texas Ct. App. 458.   Had the judgment recited that a jury of good and lawful men were selected, impaneled and sworn, we would have held the recital sufficient though no juror's name was mentioned, even as foreman.   For it is not necessary to set forth the names of the jurors in the judgment, and before the revision of our Code we had no statute requiring the foreman to sign the verdict.   *Morton* v. *State*, 3 Texas Ct. App. 510.   Whether the statute which now provides that the verdict shall be signed by the foreman (Code Crim. Proc. art. 706) is only directory, it is not necessary for us to determine.   (See Morton's case.)   The better practice undoubtedly would be that he should sign it.

Because it appears from the record that appellant was not tried by a legal jury, the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*